Loran W. ROBBINS, Marion M. Winstead, Harold J. Yates, Robert J. Baker, Howard McDougall, Thomas F. O'Malley, Earl Jennings and R.V. Pulliam, the present Trustees of Central States, Southeast and Southwest Areas Pension Fund, Plaintiffs,

·v.

B.W. BLAUSHILD MOTORS, INC., Defendant.

No. 81 C 932.

United States District Court, N.D. Illinois, E.D.

Oct. 5, 1981.

John J. Lynch, Central States Legal Div., Chicago, Ill., for plaintiffs.

No appearance for defendant.

## JUDGMENT ORDER

McMILLEN, District Judge.

The plaintiffs, trustees of the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") filed suit for recovery of delinquent contributions against defendant under the Labor Management Relations Act (LMRA) of 1947 § 301(a) (29 U.S.C. § 185(a)), and the Employee Retirement Income Security Act ("ERISA") of 1974 § 502 (29 U.S.C. § 1132). The complaint alleges that defendant, an Ohio corporation with its principal place of business in Ohio, is delinquent in its contributions to the Pension Fund in the amount of $9,232.84. (Complaint, ¶ 4.) Plaintiffs' motion for a judgment by default is now under consideration.

On March 19, 1981, the United States Marshal personally served the summons and complaint on the defendant at its corporate headquarters in Shaker Heights, Ohio. On June 26, 1981, plaintiffs served defendant a Notice of Hearing for Entry of Default and for Default Judgment. At the hearing for entry of default judgment, this court took the motion under advisement and requested that plaintiff file a brief on the question of personal jurisdiction. This has been done.

The alleged jurisdictional basis for this action authorizes nationwide service of process. The E.R.I.S.A. statute provides, in pertinent part: ·

> Where an action under this subchapter is brought in a district court· of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. (29 U.S.C. § 1132(e)(2) (1978)).

In *Fitzsimmons v. Barton,* 589 F.2d 330 (7th Cir.1979), the Seventh Circuit addressed the issue of whether the Due Process Clause imposes any restraints upon nationwide ser-

vice of process where a federal statute authorizes such service. The plaintiffs had filed suit under the federal securities laws which authorized nationwide service of process. The court found that "the 'fairness' standard imposed by *Shaffer* [*v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)] relates to the fairness of the exercise of power by a particular sovereign, not the fairness of imposing the burdens of litigating in a distant forum." 589 F.2d at 333. Applying this standard of fairness, the Seventh Circuit concluded that Due Process was satisfied by a federal statute that authorized nationwide service of process, where "the sovereign is the United States, and there can be no question but that the defendant, a resident of the United States, has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by a United States court." *Id.*

In *Loran W. Robbins, et al. v. Labar Enterprises,* No. 79 C 5228, (N.D.Ill. Feb. 26, 1981) the same plaintiffs now before this court brought an action against a Pennsylvania corporation to collect delinquent contributions. The court considered the constitutionality of the nationwide service of process authorized by E.R.I.S.A. Applying the rationale of *Fitzsimmons,* Judge Flaum concluded that the defendant, as a resident of the United States, "has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by this court." Slip op. at 3. Similarly, in this case, it is clear that the defendant, as a resident of the United States, has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over it by this court.

E.R.I.S.A. was amended on September 26, 1980 to allow multi-employer trust funds to sue in Federal court for delinquent contributions. We assume that plaintiffs are trustees of such a fund, based on our prior experience with them in other cases. However, this jurisdictional fact should be alleged hereafter. Furthermore, § 301 of the Labor Management Relations Act does not give this court jurisdiction over these cases.

There being personal jurisdiction over the defendant, plaintiffs' motion for default is granted on the basis of 29 U.S.C. § 1132. It is denied as to 29 U.S.C. § 185(a). Plaintiffs to submit judgment order in ten (10) days.